UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 25 CR 744 |
| v. | ) | |
| | ) | Hon. Laura K. McNally |
| LAWRENCE REED | ) | |

## GOVERNMENT'S DETENTION MOTION

The UNITED STATES of AMERICA, through its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, respectfully files this detention motion and states as follows:

### I. BACKGROUND

On November 19, 2025, the government filed a criminal complaint alleging that, on or about November 17, 2025, defendant committed a terrorist attack or other violence against a mass transportation system by using gasoline and a lighter to knowingly set fire to another passenger on a Chicago Transit Authority Blue Line train car, in violation of Title 18, United States Code, Section 1992(a)(7), (b)(1), and (c)(1).

Defendant, who was under arrest by the Chicago Police Department and the Bureau of Alcohol, Tobacco, and Firearms, appeared for his initial appearance the same day. Defendant refused to be interviewed by the assigned United States Pre-Trial Services officer or meet with a court-appointed attorney. At times, defendant disrupted the proceedings by singing, babbling, and instructing the Court to not speak to him. When the Court asked his position on detention, defendant said that

he wanted to go home. As a result, the Court scheduled a detention hearing for Friday, November 21, 2025.

## II. ANALYSIS

The Bail Reform Act authorizes a judicial officer to detain a defendant pending trial when the judge finds "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Defendant is charged with a federal crime of terrorism, as defined under 18 U.S.C. § 2332b(g)(5)(B)(i) for which a maximum term of imprisonment of 10 years or more is prescribed, and therefore, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community pursuant to 18 U.S.C. §3142(e)(3)(C).

Detention is appropriate if the defendant poses either a flight risk *or* a danger to the community. *United States v. Messino*, 842 F. Supp. 1107, 1110 (N.D. Ill 1994). Factors to consider include nature and circumstances of the offense charged, weight of the evidence, history and characteristics of the person, and dangerousness. 18 U.S.C. § 3142(g).

Defendant's actions and criminal history, as shown below, demonstrate that he is a serious danger to everyone in the community. The state court system has been unable to contain defendant's violent crimes, and federal intervention is now needed.

Based on the limited information the government has to date,[1] defendant will be unable to rebut the presumption for detention in this case.

### A. Nature and Circumstances of the Offense Charged

The complaint alleges that defendant went to a gas station, made a purchase at the counter, and then used a gas pump to fill a container with gasoline. He then walked to a nearby CTA station and boarded a CTA Blue Line Train. While on the train, defendant approached Victim A, a random passenger who was sitting with her back to him. Defendant removed the cap of a bottle, poured gasoline from the bottle over the victim's head and body, and tried to light her on fire.

Victim A fought off defendant and ran to the front of the train. Defendant lit the bottle on fire, but dropped it to the floor. Victim A ran to the other end of the car. Defendant picked up the bottle that was now on fire, walked towards Victim A, and set her on fire. Defendant watched as Victim A's body became engulfed in flames. As a result of defendant's actions, Victim A suffered life threatening injuries.

### B. Weight of the Evidence

The weight of the evidence is strong and weighs in favor of detention. This horrific and gruesome attack is fully captured on CTA security video and the recordings have been preserved. As shown in the still shots in the complaint, the video clearly shows defendant's face before, during, and after the attack.

---

[1] A Pre-Trial Services Report has not yet been completed.

### C.　History and Characteristics of the Accused

Defendant's history and characteristics reflect that defendant poses a danger of which no combination of conditions could protect the community. According to CPD records, over the past 30 years, defendant has been arrested at least 72 times. At least 15 of those arrests were since 2016, with the most recent occurring in August 2025. He has approximately 15 convictions, eight of which were for felony offenses including arson, criminal damage to government supported property valued over $500, drug trafficking, drug possession, and a felony traffic offense.

The arson conviction involved an April 2020 crime in which CTA workers at the Clark and Lake CTA station saw defendant walking with two red cans in his hands. Defendant approached a window of the James R. Thompson Center in downtown Chicago, poured liquid from each can near the window, and then ignited the liquid causing a fire. He was sentenced to a term of probation for this offense in the Circuit Court of Cook County, Illinois.

The criminal damage to government property convictions also both occurred in 2020, one involving defendant causing damage to two CTA train windows and the other involving defendant damaging a computer that was property of the Cook County Department of Corrections. Defendant was also sentenced to terms of probation for each of these crimes in the Circuit Court of Cook County, Illinois.

At the time of the instant offense, defendant was facing charges in the Circuit Court of Cook County for aggravated battery causing great bodily harm after he allegedly struck a person about the head or face area with an open palm while at

4

MacNeal Hospital in Berwyn, Illinois. The judge released defendant on electronic monitoring over the objection of the Cook County State's Attorney's Office. Another judge later modified the order to remove the condition of electronic monitoring. The conditions of pretrial release included that the defendant must not violate any laws or commit any criminal offenses, not possess any dangerous weapon, and follow a curfew that would not have allowed him outside his residence at the time he committed the instant offense.

### D.   Dangerousness

Defendant presents a clear danger and persistent threat of terror to the community. Defendant has been leniently treated in state court, including receiving probationary sentences for violent offenses and pre-trial release for a victim-involved crime. In exchange for such lenient treatment, defendant has consistently re-offended and delved further into criminality. Just three months ago, defendant physically attacked someone at MacNeil Hospital, but a judge ordered him released from custody pending trial. Undeterred, defendant, on Monday, set Victim A on fire.

Additionally, as demonstrated at his initial appearance in federal court in this case, defendant is unable or unwilling to cooperate at this stage in the proceedings. He is simply too dangerous for pre-trial release.

## III. CONCLUSION

WHEREFORE, the government respectfully requests that the Court detain defendant pending trial.

                              Respectfully submitted,

                              ANDREW S. BOUTROS
                              United States Attorney

By:   */s/ Ronald L DeWald*
       RONALD DEWALD
       AARON BOND
       Assistant United States Attorneys

## CERTIFICATE OF FILING AND SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), on November 20, 2025, the following document:

## GOVERNMENT'S DETENTION MOTION

was served pursuant to the district court's ECF system as to ECF filers and to the following non-ECF filer:

Lawrence Reed, Register #25511-512, Chicago MCC

                                               *s/ Ronald DeWald*
                                               RONALD DEWALD
                                               Assistant United States Attorney